# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Deion Riley,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 14 C 3780 |
| | ) |
| **Tarry Williams,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff Deion Riley, a former Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the warden of the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to cruel and unusual conditions of confinement. By Order of October 9, 2015, the court dismissed this case for want of prosecution. The dismissal order crossed in docketing with the plaintiff's belated response to the court's show cause order and the defendant's motion to dismiss. For the reasons stated in this order, the court reinstates the case, and largely denies the motion to dismiss.

### I. STANDARDS ON A MOTION TO DISMISS

It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Furthermore, a plaintiff can plead himself or herself out of court

by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## II. FACTS

Plaintiff Deion Riley was an Illinois state prisoner at the time of the events giving rise to this action. The plaintiff was confined at the Stateville Correctional Center at all times relevant to this suit. Defendant Tarry Williams was the Warden at Stateville at the time of the plaintiff's incarceration there.

The plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss: The plaintiff arrived at Stateville on March 13, 2014. During the plaintiff's fifty days at Stateville, he sometimes received incomplete meals or no food at all. On occasion, the plaintiff found foreign objects such as wood, bones, and fingernails in his food. For the first few days after his arrival, the plaintiff went without hygienic tissue. Correctional officers denied the plaintiff's requests for cleaning supplies to scrub down his filthy cell.

The plaintiff was "locked down" in his cell twenty-four hours a day, six days a week. On one occasion, correctional officers let the plaintiff outside for exercise and then forgot about him, leaving him on the recreation yard for what seemed like hours. He banged on the doors because he needed to use the washroom and wanted to escape the rain and cold, but no one responded.

Correctional officials provided the plaintiff with size 13 shoes even though his feet are a size 10½, causing him to stumble whenever he took the stairs. Birds flew in the plaintiff's cell and left droppings. The plaintiff had to sleep on the floor. The plaintiff was forced to share a cell with an intimidating felon serving a 50-year sentence for murder even though the plaintiff himself was serving a relatively short (4-year) term for a non-violent, DUI conviction.

Upon the plaintiff's admission to Stateville, authorities provided him with one jumpsuit and a pair of boxers, neither of which was laundered for forty-four days. During the plaintiff's last six days at Stateville, he was finally given the opportunity to send his jumpsuit to the laundry; however, he would have had only underwear to wear while the jumpsuit was in the laundry. Prison rules would have prevented the plaintiff from leaving his cell for meals if he was not properly clothed.

The plaintiff left Stateville on May 2, 2014.

### III.  ANALYSIS

Accepting the plaintiff's factual allegations as true, the court finds that the complaint states a cognizable cause of action against the defendant. In his motion to dismiss, the defendant has grossly understated the degree of hardship the plaintiff allegedly faced.

To establish a constitutional violation with respect to an inmate's conditions of confinement, he must be able to demonstrate both that: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference with respect to the conditions, i.e., "the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The first prong is objective while the second requires proof of a defendant's subjective intent. *Id.*

With regard to the objective prong, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). "The State must provide an inmate with a 'healthy, habitable environment.'" *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.

4

1985) (citations omitted).  Again, under the Eighth Amendment, prison conditions must afford "the minimal civilized measure of life's necessities."  *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294 (1991)).  Prison officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

In the case at bar, the plaintiff describes living conditions sufficiently harsh to state an Eighth Amendment claim.  "Even if no single condition of confinement would be unconstitutional in itself, exposure to the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment."  *Rhodes*, 452 U.S. at 363 (citation omitted); *Gutierrez v. Peters,* 111 F.3d 1364, 1375 (7th Cir. 1997) (same); *Evans v. Dart*, No. 09 C 4853, 2015 WL 5675012, at *4 (N.D. Ill. Sept. 24, 2015) (Alonso, J.) (same).  Although the defendant correctly notes that the plaintiff was not entitled to the amenities of a good hotel, he has set forth facts sufficiently grievous to suggest a possible violation of his constitutional rights.

Furthermore, the plaintiff's failure to personally link Warden Williams to each and every deprivation is not fatal to his claims.  Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.  *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted).  But an inference of a warden's involvement may exist at the pleading stage for "potentially systemic," rather than "clearly localized," constitutional violations.  *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Truidalle v. Taylor*, No. 11 C 1170, 2011 WL 6780690, at *6 (N.D. Ill. Dec. 23, 2011) (Lefkow, J.).  Defendant

Williams may potentially be liable for broad issues relating to living conditions at the Stateville Correctional Center during his tenure. The plaintiff has satisfied the subjective prong.

The defendant's motion to dismiss is granted only insofar as the plaintiff seeks injunctive relief. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995); *see also West v. Walker*, No. 06 C 4350, 2007 WL 2608789, at *3 (N.D. Ill. Sept. 4, 2007) (Zagel, J.). As the plaintiff is no longer in state custody, any claims for injunctive relief are thus moot. Additionally, there is a currently pending class action in this district seeking injunctive relief for many of the same, basic conditions plaintiff alleges concerning the Stateville Northern Reception and Classification Center. *See Dobbey v. Wielding*, No. 13 C 1068 (N.D. Ill.) (Dow, J.). The plaintiff has no standing to pursue injunctive relief in the context of this lawsuit.

As a final concern, the court again reminds the plaintiff of proper filing procedures. As the court previously advised the plaintiff, *see* Order of January 27, 2015, letters to the judge are not permitted. Rather, pleadings and motions should bear a caption indicating their purpose (such as "motion to reinstate case" or "response to motion to dismiss"). The plaintiff must file all pleadings and motions with the Clerk of Court in care of the Prisoner Correspondent, and must include a certificate of service showing that a copy was mailed to opposing counsel. In the future, the court may strike without considering any document submitted that does not comport with these basic filing rules. The plaintiff must also comply with all court deadlines, on pain of re-dismissal of this case for want of prosecution.

## IV. CONCLUSION

In sum, the plaintiff has articulated a colorable constitutional claim against Warden Williams in connection with the conditions of confinement the plaintiff experienced at Stateville. Only the plaintiff's claims for injunctive relief are dismissed. This order is not intended to discourage either party from filing a properly supported motion for summary judgment.

For all of the foregoing reasons, the defendant's motion to dismiss [#55] is granted in part and denied in part. The plaintiff may proceed on his claim for damages; only his request for injunctive relief is dismissed. The court directs the Clerk of Court to reopen this case. The defendant is directed to answer or otherwise plead within twenty-one days of the date of this order. This matter is set for a status/scheduling conference on January 28, 2016, at 10:30 a.m. As the plaintiff is no longer incarcerated, he must attend the status hearing, either personally or through counsel.

ENTERED:

Dated: November 9, 2015

Marvin E. Aspen
United States District Court Judge